# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:08CR00051 |
| v. | ) | **OPINION** |
| | ) | |
| **JAMES THOMAS OXENDINE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia for United States; James Thomas Oxendine, Pro Se Defendant.*

The defendant, James Thomas Oxendine,[1] proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, based on claims of ineffective assistance of counsel. The government filed a Motion to Dismiss, and this matter is now ripe for disposition. After reviewing the record, I will grant the United States' Motion to Dismiss.

## I.

Oxendine was sentenced by this court in the past for a drug offense, served his sentence and began his term of supervied release. During his supervision, he committed other drug offenses, and was convicted and sentenced for those crimes. In addition, his supervised release was revoked and he was given an additional

---

[1] The defendant contends that his actual name is James Thomas Oxendine, II.

consecutive sentence for that revocation. Oxendine's present § 2255 motion attacks the revocation sentence.

The specific facts are as follows. Oxendine pleaded guilty to possession with intent to distribute cocaine base, and I eventually sentenced him to 36 months incarceration to be followed by a six-year term of supervised release.[2] He was released from prison on January 14, 2011, and began his his term of supervised release. Unfortunately, Oxendine reverted to past conduct and was again prosecuted in this court for drug offenses. He pleaded guilty in Case No. 1:13CR00036 to conspiring to possess with intent to distribute cocaine base and cocaine, and distributing and possessing with intent to distribute a mixture or substance containing cocaine base. On November 10, 2014, I sentenced Oxendine to 151 months imprisonment. That same day, I held a hearing on a petition alleging violations of the conditions of his supervised release, based on his continued criminal conduct. Oxendine did not contest the violations. I concluded that he had violated the conditions of his supervised release and sentenced him to 36 months imprisonment to be served consecutively to the 151-month sentence.

Oxendine appealed his 36-month revocation sentence, asserting that I had used an incorrect criminal history category in calculating his guideline range. The

---

[2] I originally sentence Oxendine to 120 months incarceration and six years supervised release. However, the court of appeals remanded the case for resentencing and I resentenced him to 36 months in prison and six years supervised release.

court of appeals affirmed. *United States v. Oxendine*, 619 F. App'x 222, 224 (4th Cir. 2015) (unpublished).

In his present § 2255 motion, Oxendine alleges that his attorney provided him with ineffective assistance by: (1) failing to object to the incorrect criminal history calculation; (2) failing to call a probation officer to testify regarding his rehabilitation efforts; and (3) failing to request a continuance of his supervised release violation hearing. Oxendine also filed a Motion to Amend his § 2255 motion, arguing, in support of his first alleged claim, that I applied the wrong criminal history category, resulting in a plainly unreasonable sentence.[3]

## II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Oxendine bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

---

[3] Because this Motion to Amend relates back to the original § 2255 pleading, in that it deals with the calculation of Oxendine's advisory sentencing range, it will be granted. Fed. R. Civ. P. 15(c) (providing that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading").

### A. Incorrect Criminal History Category.

Oxendine first argues that his counsel erred by failing to argue that I use his correct Criminal History Category to calculate his advisory sentencing range. I applied a Criminal History Category of VI, relying on Oxendine's 2014 Presentence Investigation Report. Instead, as noted by the court of appeals in affirming Oxendine's revocation sentence, 619 F. App'x at 223-24, I should have applied a Criminal History Category of V, relying on Oxendine's 2010 Presentence Investigation Report. *See* U.S. Sentencing Guidelines Manual ("USSG") § 7B1.4 cmt. n. 1 (2013) (providing that a court should use the criminal history category as "determined at the time the defendant originally was sentenced to the term of supervision"). However, even assuming that counsel provided deficient performance, Oxendine cannot establish prejudice.

Based on the proper Criminal History Category, the USSG Policy Statement advisory range for his supervised release revocation should have been 30 to 36 months and not the 33 to 41 months that I erroneously employed.[4] Nonetheless, I would have sentenced Oxendine to 36 months, even if I had been advised of the correct 30 to 36 month range. Oxendine was on supervised release for a drug conviction and within a year of release from prison, again engaged in the same

---

[4] Although the Policy Statement provided a 30 to 37 months range, Oxendine faced a statutory maximum of three years imprisonment because the underlying drug offense was a Class B felony. 18 U.S.C. §§ 3559(a)(2), 3583(e)(3). Neither the parties nor the Probation Office noted this at the time of Oxendine's sentencing.

type of drug-related criminal conduct. In addition, I "consider[ed] all of the evidence, and [took] into account the breach of trust demonstrated by the defendant by failing to abide by the conditions of his supervision, and consider[ed] the nature and circumstances of the violation and the history and characteristics of the defendant" in imposing the 36-month sentence. Revocation Hr'g Tr. 14, ECF No. 85. All of those factors made and continue to make his sentence for his supervised release violation appropriate. Therefore, Oxendine cannot establish that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

   B. *Testimony of Probation Officer.*

Next, Oxendine argues that counsel provided deficient performance by failing to call Oxendine's probation officer to testify at his revocation hearing regarding his rehabilitation efforts. Specifically, Oxendine wanted his probation officer to testify that "[h]e requested to be placed in some kind of drug court before he was released from the halfway house" and that "[h]e requested to be sent back to the halfway house two times before his violation." § 2255 Mot. 6, ECF No. 91.

Although Oxendine's probation officer did not testify, I considered Oxendine's rehabilitation efforts before sentencing him for his supervised release violation. Counsel provided a Sentencing Memorandum before Oxendine's 2014 sentencing in which she stated that "Mr. Oxendine asked to be placed in the

halfway house and for placement in a drug court." Case No. 1:13-cr-00036, Sentencing Mem. 2, ECF No. 414. In addition, at his 2014 sentencing hearing, which took place directly before his revocation hearing, defense counsel argued that Oxendine "requested to return to the half way house to have the benefit and the structure of the half way house, and participation in the occupational enterprise program." Supervised Release Revocation Hr'g Tr. 5, ECF No. 85. Oxendine, during his allocation, explained that following his release from prison in 2011, he asked to be placed in drug court and twice asked his probation officer to return to a halfway house. *Id*. at 7-8.

Accordingly, I was well aware of Oxendine's attempts at rehabilitation following his release from prison. Because this evidence was presented to me, Oxendine cannot establish that counsel provided deficient performance by failing to call Oxendine's probation officer to testify. *See Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) (concluding that counsel's failure to raise a futile argument did not constitute ineffective assistance of counsel); *see also United States v. Kilmer*, 167 F.3d 889, 893 (5th Cir. 1999) (noting that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue").

*C. Request for Continuance.*

Finally, Oxendine argues that counsel erred by failing to request a continuance of his supervised release violation hearing due to the seriousness of his 2011 criminal conduct, which provided the basis for his supervised release violation. However, Oxendine does not explain how a continuance would have helped him or changed the outcome of the hearing. Accordingly, he cannot establish that counsel provided ineffective assistance. *Strickland*, 466 U.S. at 687 (noting that a petitioner must establish both deficient performance by counsel and prejudice).

To the extent that Oxendine suggests that he was pressured or coerced into pleading guilty to his criminal charges for which he received the 151-month sentence, that issue is not properly before me in this § 2255 motion, dealing with his revocation sentence. Moreover, I considered and rejected that claim of coercion in a separate § 2255 motion that Oxendine filed with regard to his 151-month sentence. *United States v. Oxendine*, 1:13CR00036-004, 2016 WL 4411431 at *4 (W.D. Va. Aug. 17, 2016).

III.

For the foregoing reasons, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

DATED: April 20, 2018

/s/ James P. Jones
United States District Judge